

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-21-2008

# Ong v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4559

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Ong v. Atty Gen USA" (2008). *2008 Decisions.* Paper 1555.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1555

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT
OF APPEALS
FOR THE THIRD CIRCUIT

———————

NO. 06-4559

———————

LIEP TIEK ONG
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES
Respondent

———————

On Petition for Review of an Order of the Board of Immigration Appeals
No. A96-203-489
Immigration Judge:  Hon. R. K. Malloy

———————

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 12, 2008

BEFORE:  SLOVITER, SMITH and
STAPLETON, *Circuit Judges*

(Opinion Filed:  February 21, 2008)

———————

STAPLETON, Circuit Judge:

Petitioner Liep Tiek Ong is a Buddhist and native and citizen of Indonesia with a Chinese ethnic background. He seeks review of an order of the Bureau of Immigration Appeals ("BIA") affirming a decision of an immigration judge ("IJ") denying him asylum, withholding of removal and relief under the Convention Against Torture ("CAT"), and directing his removal. He claims to have been persecuted in the past, and to fear persecution in the future, because of his ethnicity and religion.

The BIA denied Ong's application for asylum as untimely. We lack jurisdiction to review that denial. 8 U.S.C., §§ 1158(a)(2)and (3); *Tarrawally v. Ashcroft*, 338 F.3d 180 (3d Cir. 2003).

Ong testified that his candy business was destroyed in the 1998 riots that decimated so many Chinese places of business. He acknowledged, however, that he had remained in Indonesia during the following three-and-a-half years while he worked for others and that his parents and siblings continue to live there in a Chinese housing complex. When asked whether he had experienced any further adverse incidents during those three-and-a-half years, he responded only that some merchandise had been stolen from his pick-up van on one occasion and that his sister had been robbed on one occasion.

He did not testify to any incident of harm occurring to him as a result of his religion.

The BIA agreed with the IJ's conclusion that petitioner "does not face a clear probability of persecution if returned to Indonesia, and thus does not merit withholding of removal." We cannot fault the conclusion of the IJ and the BIA. While lamentable, the destruction of petitioner's business does not rise to the level of persecution. *Fatin v. INS*, 12 F.3d 1233, 1240 (3d Cir. 1993) ('the concept of persecution does not encompass all treatment that our society regards as unfair, unjust, or even unlawful or unconstitutional." Rather, "persecution refers to "threats to life, confinement, or torture and economic restrictions so severe that they constitute a threat to life or freedom"). Nor do the thefts from petitioner and his sister. *Id.*; *Lie v. Ashcroft*, 396 F.3d 530, 536 (3d Cir. 2005).

Nor can we fault the IJ's and the BIA's conclusion that petitioner "has failed to demonstrate that he is 'more likely than not' to be tortured in Indonesia." There is no evidence in the record suggesting a likelihood of torture.

The petition for review will be denied.